[Civ. No. 18003. Second Dist., Div. One. July 2, 1951.]

GEORGE J. NETKOSKY et al., Appellants, v. TIDE WATER ASSOCIATED OIL COMPANY (a Corporation), Respondent.

Edward S. Cooper and John Boyce-Smith for Appellants.

W. F. Kiessig, Edmund D. Buckley and Harrison Guio for Respondent.

DORAN, J.—In this action for declaratory relief the court granted defendant's motion for judgment on the pleadings from which judgment plaintiff appeals.

The record reveals that Aurelio Sancioni and Angelina Sancioni, his wife, as lessors, leased to respondent, Tide Water Associated Oil Company, certain property in the city of Los Angeles for a period of five years from August 1, 1947, with option granted respondent to renew for an additional period of five years. The lease provided for rental of 1½ cents for each gallon of respondent's first grade and premium gasolines, and 1 cent for each gallon of respondent's third grade gasoline, sold by respondent at the premises, "a minimum rental of $100.00 per month to be paid in any event." On March 23, 1949, the property was sold to appellants and the lease assigned to them.

Plaintiff sought to have the court declare that the lease in question "is binding upon the parties solely as a lease of the premises from month to month until terminated by either party upon thirty days' notice to the other.

"2. That if the Court finds and declares that said purported lease Exhibit A is not valid as a lease for a term of five years or more; then in such event that the Court give judgment to plaintiffs; that said lease has been terminated or may be terminated as a month to month lease by proper notice from plaintiff to defendant." It is alleged, "That said premises are improved for operation as a gas station with office building and pumps."

It is noteworthy, as pointed out by respondent, that "appellants *do not allege* that respondent is not operating, or causing to be operated, the premises as a service station disbursing respondent's products; *do not allege* that appellants are not receiving, and have not received, a gallonage rental at all times in excess of the $100.00 per month minimum, and *do not allege* that respondent intends to or threatens to, cease the sale of its gasoline there, or cease the operation of a service station on the premises. Appellants do not allege these things because they cannot. The premises have been at all times operated as the lease contemplates, and the rental has always exceeded the minimum set forth in the lease. . . . Appellants are apparently dissatisfied with the contract made by their assignors, and wish to cancel it."

It is argued by appellant that the contract in question should not be construed as an "entire contract" but "should be construed as two or more severable contracts independent of each other" and that the contract "is severable and consists of a contract for a term of years at a rental based upon sales of gasoline and a separate contract for the minimum rental of $100.00 per month for every month which lessee occupies the premises." It is also argued that the contract "lacks mutuality" and is void "because in restraint of trade."

Appellants' contentions are destitute of merit as a mere reading of the contract in the light of well-established law on the subject will reveal; indeed the appeal could be regarded as frivolous.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred